```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    **Plaintiff**<br><br>    v.<br><br>NESTOR ALONSO-VEGA<br>    **Defendant** | **CRIM. NO.** 20-371(RAM) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Néstor Alonso-Vega's ("Defendant" or "Mr. Alonso-Vega") *"Motion in Compliance with Order as to Accommodations of Defendant with Disabilities"* (*"Motion in Compliance"*) and the United States Government's ("the Government") response in opposition thereof. (Docket Nos. 38 and 40, respectively). Having considered the parties' submissions, the Court **DENIES** Mr. Alonso-Vega's motion for the following reasons more fully developed below.

First, Defendant will not be deprived of a fair trial if discovery is not provided in braille because he is a sophisticated defendant given his legal training, and he and his counsel have had access to the documents for many months before they made the petition for accommodation and approximately **one year** before the trial scheduled for January 10, 2022. Second, the Americans with Disabilities Act ("ADA") does not apply to the United States

Government and **cannot** be the source of any legal obligation to provide accommodations to Mr. Alonso-Vega in this case. The Court is not unsympathetic to Defendant's visual disability, but its duty is to rule according to law.

## I.  BACKGROUND

Defendant is a lawyer by training and former state legislator in Puerto Rico. He is the subject of a 9-count indictment filed on November 4, 2020. (Docket No. 2). It is undisputed that at all relevant times to the indictment and the motion pending before the Court, Mr. Alonso-Vega was (and is) legally blind. (Docket No. 38 at 2). In other words, Defendant Alonso-Vega was legally blind during his tenure as a legislator and the alleged commission of the offenses, and he remains visually disabled at present.

According to the record, Defendant's counsel entered the case on January 12, 2021 and began reviewing discovery no later than February 26, 2021. (Docket Nos. 18 and 24). Further, Defendant's counsel requested extensions of time to review discovery on January 14, February 26, and June 29, 2021. (Docket Nos. 20, 24 and 26). **None of these requests for extensions of time alluded to Mr. Alonso-Vega's visual disability or requested accommodations of any kind**. Instead, they were premised first on Defendant's counsel then-recent entry into the case, second on the volume of discovery to be reviewed, and third on Defendant's counsel's commitments in another criminal case. Id. The **only** motion

on the docket which alludes to Mr. Alonso-Vega's disability was a status motion jointly filed by his previous counsel, Assistant Federal Public Defender Andrew McCutcheon, and Assistant United States Attorney Scott H. Anderson on November 30, 2020. (Docket No. 16). But even this motion does not help Mr. Alonso-Vega's request. It solely noted that Atty. McCutcheon would meet with Defendant soon but foresaw reviewing discovery would be "a relatively slow process due to Mr. Alonso-Vega's physical limitations" because "[a]ny written document will need to be verbally explained." Id. at 1. Thus, he requested more time to analyze the Government's discovery. Id. **The joint motion, however, lacked any request for reasonable accommodation.**

The Court held a status conference on September 1, 2021. (Docket No. 37). During the conference, Defendant's counsel requested an order requiring the Government to provide all discovery materials in braille to facilitate Defendant's review. Id. In response, the Court directed Defendant's counsel to file a motion addressing the request. Id. Defendant complied on September 7, 2021. (Docket No. 38). The Government filed its opposition on September 16, 2021. (Docket No. 40).

## II.  DISCUSSION

Defendant's *Motion in Compliance* invokes the "due process clause of the Fourteenth Amendment and the Sixth Amendment to the United States Constitution" and the ADA, 42 U.S.C. § 12132. (Docket

No. 38 at 3). It requests the Court order the Government to state in writing whether it will provide an auxiliary aid to Defendant or if providing an aid constitutes an undue burden. Id. at 7. The *Motion in Compliance* quotes the ADA's definition of auxiliary aids and services which includes "qualified readers, taped texts, or other effective methods of making visually delivered material available to individuals with visual impairments." Id. at 5 (quoting 42 U.S.C § 12103(1)(B).[1] The Court addresses Mr. Alonso-Vega's arguments in turn even though the due process claim could be denied outright for lack of developed argumentation under Local Civil Rule 7 which applies to motion practice in criminal cases. *See* L.CV. R. 7.

    A. As to the due process claim:

With respect to the due process claim, the Court finds instructive the United States Court of Appeals for the Fifth Circuit's Opinion in United States v. McMillan. *See* United States v. McMillan, 600 F.3d 434 (5th Cir. 2010). In McMillan, co-defendant Barry Scheur ("Scheur") was convicted of conspiracy and wire and mail fraud offenses "in connection with the failure of a health maintenance organization known as the Oath of Louisiana." Id. at 440. On appeal, Scheur contended the district court failed to provide reasonable accommodation and denied him due process

---

[1] The Court notes that while Defendant's motion cited 42 U.S.C. 12101 Section 4, the correct citation is to 42 U.S.C. § 12103(1)(B).

**"because it did not require the Government to produce its exhibits in Braille** and it later denied him a continuance to review voluminous new exhibits produced on the eve of trial." Id. at 453. The Fifth Circuit rejected Scheur's due process claim. Id. at 453-54.

The Fifth Circuit agreed with Scheur "that reasonable accommodations ought to be made ensure that a defendant facing trial can comprehend the proceedings against him." Id. at 454. But it also held that "*determining what is reasonable is done based on the totality of the circumstances and involves 'a balancing of [the defendant's] rights under the Sixth Amendment against the public's interest in the administration of criminal law.*" Id. (quotation omitted) (emphasis added). Moreover, it noted "[t]he Constitution does not require 'a perfect trial' or that defendants understand the proceedings with 'the precision of Rhodes Scholar,' rather '**[t]he Constitution requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense.**'" Id. (emphasis added).

**Addressing the merits of Scheur's due process claim, the Fifth Circuit found that Scheur was not subjected to a fundamentally unfair trial because of the lack of exhibits in braille**. Id. The exhibits were "not a complete surprise" to Scheur because he and his counsel had access to most of 150 exhibits at least three weeks before trial. Id. More worrisome still was the fact that Scheur

"did not raise the issue of his inability to comprehend exhibits until the eve of trial" even thought the prosecution had been ongoing for close to *3 years*. Id. at 454. The Fifth Circuit further noted that "many of the exhibits came from The Oath [of Louisiana's] own files" or came from ongoing civil litigation. Id. Thus "as the company's President and Chief Executive Officer, Scheur either was presumed to have knowledge of those exhibits or ignored their contents at his peril." Id. The Fifth Circuit also considered Scheur's sophistication and his past reliance "on other people to synthesize and present information to him in summary fashion" and his ability to listen to the witnesses and assist his attorney during the trial. Id. It concluded that "**the failure to provide Braille translations of exhibits that came from Scheur's own company or to which he had sufficient access did not render the trial fundamentally unfair**." Id. (emphasis added).

Like the visually disabled defendant in McMillan, Mr. Alonso-Vega *can* meaningfully assist in his defense. Likewise, he has not proffered any additional disability which could potentially make him unable to aid his attorney. *See* Id. (noting that Sheur's "situation is unlike a deaf or a non-English speaking defendant who would have no understanding whatsoever of the proceedings against him without an interpreter.") Here, Mr. Alonso-Vega raised the issue of his visual disability **eight (8) months** after discovery was available to his attorney. (Docket No. 20). And many of the

documents should _not_ come as a surprise to Defendant since the charged offenses allegedly involve theft, bribery and a kickback scheme revolving around salary raises for *his* legislative office staff and payment of Mr. Alonso-Vega's personal expenses among other things. (Docket No. 2). Moreover, like the visually disabled defendant in McMillan, Mr. Alonso-Vega is a sophisticated defendant who has the advantage of legal training. While Mr. Alonso-Vega cannot see the exhibits, they can be read and/or summarized to him by counsel and they can discuss them in preparation for trial which is set for January 10, 2022. (Docket No. 37). Thus, he has over at least three (3) months, to review any relevant exhibits with his attorney. Moreover, at trial, Defendant will be able to hear the witnesses at trial and assist his counsel. All told, the lack of discovery translated into braille **will not** deprive Mr. Alonso-Vega of a fair trial and his underdeveloped due process challenge is without merit.

    B. As to the ADA Claim:

In contrast to the dearth of argumentation regarding the due process claim, Mr. Alonso-Vega's *Motion in Compliance* waxes longiloquent on provisions of the ADA and the regulations enacted thereunder. (Docket No. 38 at 3-7). But the ADA **does not** apply to the Federal Government as the latter raised in its opposition to the *Motion in Compliance*. (Docket No. 40 at 1-2). To wit, the ADA defines public entity as "any State or local government; and

"any department, agency, special purpose district or other instrumentality of a State or States or local Government." 42 U.S.C. § 12131. Given that the ADA does not apply to the Federal Government, the Court cannot compel accommodations that might be required of persons bound by the ADA.

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Mr. Alonso-Vega's *"Motion in Compliance with Order as to Accommodations of Defendant with Disabilities"* (Docket No. 38).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of September 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge