IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>NESTOR ALONSO-VEGA<br><br>**Defendant** | CRIMINAL NO. 20-371 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Nestor Alonso-Vega's ("Defendant") *Motion to Dismiss Indictment Under the Due Process Clause of the United States Constitution* ("*Motion to Dismiss*"). (Docket No. 84). Defendant contends the indictment should be dismissed because the United States of America (the "Government") allegedly failed to disclose Brady[1] and Giglio[2] material in a timely manner. For the following reasons, Defendant's *Motion to Dismiss* is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

The *Motion to Dismiss* revolves around an insurance claim filed

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] Giglio v. United States, 405 U.S. 150 (1972).

[3] A summary of the more general facts of this case can be found in this Court's Memorandum and Order denying Defendant's first *Motion to Dismiss* at Docket No. 77.

with Universal Insurance by A.T., Defendant's former chauffer. (Docket No. 94 at 2). Defendant alleges A.T. submitted a fraudulent claim with Universal after stripping Defendant's vehicle of numerous parts and then claiming they were stolen. (Docket No. 84 at 4-5). Defendant argues these insurance documents support the inference that A.T. had a legal obligation to pay Defendant in relation to this insurance fraud, and thus the documents were exculpatory and should have been disclosed pursuant to Brady. Id. at 5-6. Additionally, because A.T. is expected to be a key trial witness for the Government, Defendant posits these documents constitute impeachment evidence under Giglio. Id.

While the Government did not turn over the insurance file, Defendant received these documents from Universal Insurance on April 26, 2022, over three weeks before the start of trial. Id. at 4. Defendant contends the Government's failure to obtain and disclose these documents warrants dismissal of the indictment because this failure to obtain and disclose will deprive him of a fair trial. Id. at 6-7. The Government retorts it never had possession of this file but admits to knowing about the information contained therein before the case was indicted. (Docket No. 94 at 2). However, the Government argues this insurance file constitutes Jencks material, not Brady material, and that it would eventually have been turned over to defense as part of its Jencks obligation. Id. at 2-3. Alternatively, the Government posits its failure to

disclose material impeachment evidence does not rise to a level of a Brady violation warranting complete dismissal of the indictment. Id. at 3-4.

## II.   DISCUSSION

Brady requires the Government "to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011) (citing, *inter alia*, Brady, 373 U.S. at 87). The disclosure obligations under Brady extend to evidence the defense could use to impeach the prosecution's key witnesses. *See* United States v. Raymundi-Hernandez, 984 F.3d 127, 159 (1st Cir. 2020) (citing, *inter alia*, Giglio, 405 U.S. at 154). This duty "exists regardless of whether the defendant requests favorable evidence from the government." Id. (citing Kyles v. Whitley, 514 U.S. 419, 433-34 (1995)).

Where a claim of Brady error is advanced, "the defendant bears the burden of showing a likelihood of prejudice stemming from the government's nondisclosure." United States v. Simon, 12 F.4th 1, 51 (1st Cir. 2021) (internal quotation marks and citation omitted). "When the issue is one of delayed disclosure . . . the test is whether defendant's counsel was prevented by the delay from using the disclosed material effectively in preparing and presenting the defendant's case." United States v. Ingraldi, 793 F.2d 408, 411-12 (1st Cir. 1986) (citation omitted). Thus, the "delayed

disclosure *per se* of Brady/Giglio material **does not automatically constitute a due process violation[.]**" United States v. Munoz Franco, 113 F. Supp. 2d 224, 227 (D.P.R. 2000) (emphasis added). At a minimum, the defendant must "make a 'prima facie' showing of a plausible strategic option which the delay foreclosed." United States v. Van Anh, 523 F.3d 43, 51 (1st Cir. 2008) (citation omitted).

In the case at bar, Defendant has fallen far short of showing any likelihood of prejudice stemming from the delayed disclosure of the Universal Insurance file. Instead, his *Motion to Dismiss* is grounded in the incorrect understanding that the delayed disclosure of Brady and Giglio material is a *per se* due process violation, which it is unequivocally not. (Docket No. 84 at 6-7 (addressing the Strickler factors without detailing any prejudice Defendant will suffer)); *See* Munoz Franco, 113 F. Supp. 2d at 227. The file is only seventy-three pages long and was provided to Defendant more than **three weeks** before the start of trial, affording him plenty of time to review the documents and prepare accordingly.

Lastly, even if Defendant did establish a likelihood of prejudice, he utterly failed to explain or justify why complete dismissal of the indictment is the correct remedy for this alleged Brady violation. Instead, he requests dismissal without citation to any supporting authority. (Docket No. 84 at 7).

In the absence of any concrete harm, Defendant's *Motion to Dismiss* at Docket No. 84 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of May 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE
