**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

     **Plaintiff,**

       v.                      **CRIMINAL NO. 20-371 (RAM)**

NESTOR ALONSO-VEGA

     **Defendant.**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Nestor Alonso-Vega's ("Defendant") *Motion to Dismiss* (the "*Motion*"). (Docket No. 124). Defendant contends statements made by the prosecutor during his closing argument were improper, and thus asks the Court to either grant a mistrial or enter a judgment of acquittal. As explained below, the Court finds the prosecutor's statements were proper, and thus **DENIES** Defendant's *Motion*.

**I.    FACTS AND BACKGROUND**

Defendant, a former member of the Puerto Rico House of Representatives, was indicted by the United States of America (the "Government") on November 4, 2020. (Docket No. 2). The indictment charged Defendant with Federal Funds Theft in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2; Federal Funds Bribery and Kickbacks in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2; and Honest

Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346. Id. Following a six-day trial, Defendant was found guilty on all counts by unanimous jury verdict. (Docket No. 120).

After the case was submitted to the jury, but before the jury returned its verdict, Defendant made an oral motion for a mistrial. Defendant argued a mistrial was warranted because the prosecutor impermissibly: (1) commented on Defendant's silence at trial; (2) vouched for the credibility of the Government's main witness, Alexis Torres-Garcia ("Torres-Garcia"); and (3) discussed two unrelated federal public corruption prosecutions to bolster the Government's case. The Court immediately denied this motion for a mistrial, finding the prosecutor's comments proper.

Following the jury verdict, Defendant filed the pending *Motion*, seeking either a new trial or entry of a judgment of acquittal, based on the same three grounds he raised in his oral motion for a mistrial. (Docket No. 124). At the Court's request, the Government then filed a response in opposition to the *Motion*. (Docket Nos. 125; 127). As explained below, the Court still finds that the prosecutor's comments were proper, particularly when considered in context, and thus the *Motion* lacks merit.

## II.   ANALYSIS

Though styled as a "motion to dismiss," Defendant did not specify which rule his *Motion* invokes. Defendant may not rely on Rule 12, as that rule governs pretrial motions. *See* Fed. R. Crim.

P. 12. Further, because Defendant challenges alleged prosecutorial misconduct and not the sufficiency of the evidence, this is not a Rule 29 motion, either. *See* Fed. R. Crim. P. 29. Thus, the Court will treat the pending *Motion* as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. *See* Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.").

## A. The Court Properly Instructed the Jury Before Closing Arguments

As an initial matter, Defendant argues in passing that the Court erred by instructing the jury on the law prior to the parties' closing arguments. (Docket No. 124 at 1). Defendant is wrong. Federal Rule of Criminal Procedure 30 clearly states that "[t]he court may instruct the jury before or after the arguments are completed, or at both times." Fed. R. Crim. P. 30(c). The advisory committee's notes to Rule 30 explain that early instruction may be beneficial, as it provides "the parties an opportunity to argue to the jury in light of the exact language used by the court." Fed. R. Crim. P. 30 *Advisory Committee's Note to 1987 Amendment*. In fact, defense counsel did precisely that in his closing argument. *See* infra § II.C. Therefore, the Court will not grant a new trial based on Defendant's misunderstanding of the rules of criminal procedure.

**B. The Government Did Not Improperly Comment on Defendant's Silence**

Defendant next argues the Government improperly commented on his decision not to testify at trial and this Court impermissibly failed to instruct the jury to disregard such comments. (Docket No. 124 at 2-3). Defendant specifically challenges a comment made by the Government in its rebuttal argument, where the prosecutor said:

> You know, the truth is the truth and it never, ever changes, yet, every opportunity given to the Defendant to explain why he's receiving thousands of dollars . . .[1]

Defense counsel immediately objected to that sentence, this Court sustained the objection, and the prosecutor rephrased his point by stating:

> Every time the Defendant is confronted by Alexis about the money, the story changes . . . The truth is the truth. It never changes. At every opportunity, he changes it.

As a general matter, a prosecutor may not comment either directly or indirectly on a defendant's failure to testify. *See* Griffin v. California, 380 U.S. 609, 613-15 (1965). "When a statement is not obviously a comment on the defendant's failure to testify," the First Circuit has instructed courts to "ask whether, in the circumstances of the particular case, the language used was

---

[1] Though Defendant did not cite this particular statement in his *Motion*, he noted that he is challenging the prosecutor's comment to which he "immediately objected." (Docket No. 124 at 2). Thus, it is clear he seeks to challenge the above-quoted comment.

manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Vazquez-Larrauri, 778 F.3d 276, 286 (1st Cir. 2015) (internal quotation marks and citation omitted). "In assaying the appropriateness of a prosecutor's remarks, context frequently determines the meaning." United States v. Sepulveda, 15 F.3d 1161, 1187 (1st Cir. 1993). To that end, courts "will not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." Vazquez-Larrauri, 778 F.3d at 286 (internal quotation marks and citation omitted).

Here, when viewed in context, the prosecutor's comment was not improper. The prosecutor was simply reiterating a point he raised during trial – that when confronted with the prospect of someone uncovering his kickback scheme, Defendant repeatedly changed his story. That logical interpretation is further supported by the way the prosecutor immediately reworded his statement to address that precise point following Defendant's objection.

Defendant's contention that the Court erred in failing to provide a curative instruction fares no better. First, while Defendant objected to the prosecutor's comment, he never asked for

a curative instruction at trial or during his oral motion for mistrial. Instead, Defendant's *Motion* places the blame at the feet of the Court for failing to act *sua sponte*. However, Defendant cites no authority to substantiate the argument that the Court was required to act in such a manner, particularly absent any request from the parties or a clear comment by the prosecutor concerning Defendant's silence.

Further, while Defendant argues the Court should have given an additional instruction, he fails to mention the multiple instructions the Court *did* provide on this topic. First, in the preliminary instructions, the Court told the jury that Defendant may, but is not required to, present evidence on his behalf and that Defendant does not have to prove his own innocence:

> After the Government's evidence, Defendant's lawyer may present evidence on his behalf, but he is not required to do so. I remind you that Defendant is presumed innocent, and the Government must prove his guilt beyond a reasonable doubt. Defendant does not have to prove his innocence.

Then, in the final jury instructions, the Court instructed the jury on the burden of proof in a criminal trial:

> **The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.** The Defendant before you had the benefit of that presumption throughout the trial, and you are not to convict him of the charges against him unless you are persuaded of his guilt beyond a reasonable doubt.

> **The presumption of innocence until proven guilty means that the burden of proof is always on the Government to satisfy you that the Defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.** The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict the Defendant. **This burden never shifts to the Defendant.** It is always the Government's burden to prove each element of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. **The Defendant has the right to rely upon the failure or inability of the Government to establish beyond a reasonable doubt any essential element of the crimes charged against him.**

(Docket No. 118 at 4-5) (emphasis added). These clear instructions make "it unlikely that the prosecutor's statement affected the outcome of the trial." Vazquez-Larrauri, 778 F.3d at 287 (holding that prosecutor's comments were not improper in part because the district court gave the jury clear instructions on the defendant's right not to testify and the burden of proof).

For these reasons, the Court will not grant a new trial on this ground either.

C. **The Government Did Not Improperly Vouch for Torres-Garcia's Credibility**

Defendant also argues the Government improperly vouched for Torres-Garcia's credibility during his closing argument. (Docket No. 124 at 3-4). Generally, "[i]mproper vouching encompasses statements by the prosecutor that place the prestige of the prosecutor's office behind the government's case." Vazquez-

<u>Larrauri</u>, 778 F.3d at 283 (internal quotation marks and citation omitted). To help delineate the "hazy" line between improper vouching and permissible argument, the First Circuit has identified two primary forms of credibility arguments that "plainly cross over into improper vouching." <u>Id.</u> at 283-84. First, a prosecutor cannot tell the jury that the prosecutor takes personal responsibility or ownership of the case, as statements of that nature directly place the government's credibility at issue. <u>Id.</u> at 284. Second, the prosecutor cannot impart his personal belief in a witness's veracity or in the defendant's guilt. <u>Id.</u> Therefore, "[b]are assertions that a witness was honest or correct are [] improper." <u>Id.</u> However, a prosecutor may generally respond to a defendant's attacks on the credibility of a cooperating witness. *See* <u>United States v. Martin</u>, 815 F.2d 818, 822-23 (1st Cir. 1987).

Defendant did not specify which statements he believes constitute impermissible vouching. In reviewing the transcript of the closing arguments, the Court identified only one statement by the prosecutor that addressed Torres-Garcia's credibility. In his rebuttal argument, the prosecutor said:

> You do not have to like Alexis Torres to believe what he's telling you. You do not have to like the way he answered questions to believe the information he gave you.

That statement **does not constitute witness vouching**. It

neither places the government's credibility at issue nor imparts the prosecutor's personal belief in the witness's veracity. *See* Vazquez-Larrauri, 778 F.3d at 284. Instead, it is merely the prosecutor's attempt to respond to Defendant's attacks on the credibility of the Government's main witness. In his closing argument, defense counsel explicitly argued that Torres-Garcia is not a credible witness because of the way he presented himself and answered questions during trial. Specifically, defense counsel said:

> So you are relying all of your case on a person that takes that stand and is looking down at the floor. He is mumbling away. He doesn't answer questions. He never looks you straight in the eye. He never answers directly what you ask him. You ask him a yes or no question and he starts talking about something else; is that a credible witness? Instruction number six by the Judge, that's not a credible witness.

In the context of this targeted attack, the prosecutor's challenged comments were justified and permissible.

For the foregoing reasons, a new trial is also not warranted on the basis of impermissible witness vouching.

### D. The Government Did Not Improperly Comment on Unrelated Federal Prosecutions

Finally, Defendant argues the Government improperly bolstered Torres-Garcia's believability by commenting on the federal prosecutions of two other members of the Puerto Rico House of Representatives. (Docket No. 124 at 4-5). Specifically, Defendant

takes issue with the Government mentioning these other cases "to suggest – without any real evidence – that there was a pattern of conduct or conspiracy between Mr. Alonso-Vega" and the other individuals. Id. at 4.

Defendant's argument is divorced from the reality of the Government's argument at trial. The Government only mentioned these unrelated federal prosecutions to explain the change in Defendant and Torres-Garcia's demeanor and the motivation for their apparent attempts at concealment following the news of those cases. In his rebuttal argument, the prosecutor stated:

> When those cases broke in the media, that's when the panic starts to set in and all the conversations about what we're going to do. 'Quiet, quiet, *tranquilo*,[2] *tranquilo*, they're loans, we're businessmen, it will be okay. It will be okay. It will be okay.' That's why he's concerned about being record[ed] because they know that the other two [representatives] were also recorded.

The Court fails to see how mentioning these other prosecutions purely to explain their effect on Defendant and Torres-Garcia constitutes impermissible bolstering. Therefore, the Court will not order a new trial on this basis.

---

[2] Tranquilo means "calm."

### III.   CONCLUSION

For the foregoing reasons, Defendant's *Motion* at Docket No. 124 is **DENIED**. When read in context, none of the challenged statements were improper.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of June 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge