IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>NESTOR ALONSO-VEGA<br><br>**Defendant** | **CRIMINAL NO. 20-371** (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Nestor Alonso-Vega's ("Defendant" or "Mr. Alonso-Vega") *Motion for Bail Pending Appeal* (the "*Motion*"). (Docket No. 171). For the following reasons, the *Motion* is **DENIED**.

### I. BACKGROUND

Defendant was indicted on one charge of Federal Funds Theft in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2; one charge of Federal funds Bribery and Kickbacks in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2; and seven counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346. (Docket No. 2). Following a six-day trial, a jury found Defendant guilty on all counts by a unanimous jury verdict. (Docket No. 120).

After the case was submitted to the jury, but before the jury returned its verdict, Defendant made an oral motion for a mistrial.

Defendant argued a mistrial was warranted because the prosecutor impermissibly: (1) commented on Defendant's silence at trial; (2) vouched for the credibility of the Government's main witness, Alexis Torres-Garcia ("Torres-Garcia"); and (3) discussed two unrelated federal public corruption prosecutions to bolster the Government's case. The Court denied this motion for a mistrial, finding the prosecutor's comments proper.

Following the jury verdict, Defendant filed a *Motion to Dismiss*, seeking either a new trial or entry of a judgment of acquittal, based on the same three grounds he raised in his oral motion for a mistrial. (Docket No. 124). Once again, the Court found that the prosecutor's comments were proper, particularly when considered in context, and thus the *Motion to Dismiss* lacked merit. (Docket No. 128). Notably, the Court highlighted that because the Motion to Dismiss challenged alleged prosecutorial misconduct and not the sufficiency of the evidence, it was not a Rule 29 motion, but rather a Rule 33 motion for a new trial. Id. at 3.

On February 23, 2023, the Court sentenced Defendant to sixty (60) months of imprisonment as to counts 1 and 2, and sixty-three (63) months of imprisonment as to counts 3-9, to be served concurrently with each other, followed by three (3) years of supervised release as to each count to be served concurrently with each other. (Docket Nos. 157 and 157).

Defendant filed a notice of appeal on March 3, 2023, and the pending *Motion* seeking bail pending his appeal on April 25, 2023. (Docket Nos. 168 and 171). The Government subsequently filed an opposition to the *Motion*, arguing that although Defendant does not pose a flight or danger risk, he failed to show that he is entitled to the requested relief. (Docket No. 174). Defendant is set to voluntary surrender to serve his sentence on May 6, 2023. (Docket No. 172).

## II.   STANDARD FOR BAIL PENDING APPEAL

Defendant seeks release pending appeal pursuant to 18 U.S.C. § 3143(b).[1] Under the statute, "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment . . . will be detained pending appeal." United States v. Bravo-Fernandez, 320 F. Supp. 3d 321, 323 (D.P.R. 2018) (internal quotation marks and citations omitted). The burden is on Defendant to show that: (1) he "is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" one of the following outcomes: "(i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment

---

[1] In his *Motion*, Defendant also claims to seek bail on appeal pursuant to 18 U.S.C. § 3143(c). However, said section governs release or detention pending appeal by the *Government* and therefore does not apply to the case at bar.


Criminal No. 20-371 (RAM)                                                    4

less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *see also* Bravo-Fernandez, 320 F. Supp. 3d at 323 (explaining that the defendant "shoulder[s] the burden of satisfying both requirements").

The test to evaluate whether a defendant has raised a substantial question of law or fact on appeal consists of two prongs: the "substantiality prong" and the "likelihood prong." United States v. Zimny, 857 F.3d 97, 99 (1st Cir. 2017). The substantiality prong asks whether "the appeal raise[s] a substantial question of law or fact." Id. A "substantial question" is "a 'close' question or one that very well could be decided the other way." United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985). "[I]t is not sufficient that the question is 'fairly debatable' or suggests 'a possibility of reversal.'" United States v. Correia, 597 F. Supp. 3d 476, 481 n.3 (D. Mass. 2022) (citing Bayko, 774 F.2d at 523). To succeed on the likelihood prong, a defendant must show "that if that substantial question is determined favorably to [him] on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Zimny, 857 F.3d at 99.

## III.   ANALYSIS

### A. Defendant is Not a Flight Risk

First, the Court finds that Defendant is **not** a flight risk. He was released on bond the same day he was arrested and has always complied with the conditions of his release. At sentencing, the Court allowed Defendant to self-surrender for service of his sentence, and there is no evidence or argument that he has violated any terms of release.

### B. Defendant Does Not Pose a Danger to Any Person or the Community

The Court also finds that Defendant is not a danger to any person or the community. Defendant has no criminal history or any other arrests on his record. Additionally, the crimes for which Defendant was convicted are non-violent, and the Court sees nothing in the record to indicate Defendant may pose a danger to anyone in the future.

### C. The Appeal is Not for Purposes of Delay

There is no evidence or argument that would support the conclusion that the appeal was filed for purposes of delay. The Court thus finds it was not.

### D. Defendant Does Not Raise Any Substantial Question of Law or Fact

While the first three factors favor release pending appeal, Defendant is not entitled to such relief because he falls short of satisfying the substantiality prong. The case law makes clear that

Defendant must show that the issues raised on appeal "very well could be decided the other way." *See* Zimny, 857 F.3d at 99-100 (discussing the defendant's "burden on the substantiality prong of § 3143(b)(1)(B)"). In the *Motion*, Defendant identifies the three issues he plans to argue on appeal. (Docket No. 171 at 10-12). For two of the three issues, Defendant merely provides a few sentences outlining the nature of each argument. Specifically, Defendant states:

> WHETHER THE GOVERNMENT COMMITTED PURPOSELY SUPPRESSING BRADY/GIGLIO MATERIAL EVIDENCE TO THE DEFENDANT'S INNOCENCE?
>
> During the trial, the defense counsel found out several pieces of evidence, which were not delivered to the defense prior to the trial. Evidence of them are notes by Mr. Alexis Torres and the non-availability of a phone that was allegedly used to make 40 recordings.
>
> WHETHER THE COURT ERROR IN DENYING THE RULE 29 JUDGEMENT OF ACQUITTAL MOTION WHEN THERE WAS INSUFFICIENT EVIDENCE UPON WHICH A REASONABLE MIND MIGHT HAVE FAIRLY CONCLUDE GUILT BEYOND REASONABLE DOUBT
>
> From an evaluation of the evidence admitted, in this case, it was made clear that there was no corroborating evidence regarding Mr. Alexis Torres' allegations. In fact, it was established that Mr. Alexis Torres was fired from his job, due to his participation in the recordings of the private meetings of Mr. Alonso with members of the Pedro Pierluisi's campaign and later delivered said recordings to his political opponent, Mrs. Wanda Vázquez. The government of the United States could not establish through the testimonies and the recordings that were admitted in the trial any intention of Mr. Alonso to commit the

>    government's allegation beyond reasonable doubt.

Id. at 11-12. This discussion lacks specificity and fails to include *any* legal arguments or supporting authorities. *See* L. CV. R. 112 (establishing that L. CV. R. 7(a) which requires that all motions include citations and supporting authorities, applies to the motion practice in criminal cases); *see also* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Furthermore, as noted by the Government, Defendant cannot argue that the Court erred by denying his Rule 29 request when a Rule 29 motion was never filed nor raised orally. (Docket No. 174 at 3).

The only issue on appeal that is actually briefed is whether AUSA Anderson's statements at closing arguments regarding Defendant's silence violated Alonso's constitutional right to remain silent. (Docket No. 171 at 7-10). In the Opinion and Order denying Mr. Alonso-Vega's *Motion to Dismiss*, the Court already explained in detail why the Government did not improperly comment on Defendant's silence given the circumstances of the case. (Docket No. 128). Moreover, although defense counsel did not request a curative instruction, the Court *sua sponte* provided multiple instructions to the jury informing them that Defendant did not have to prove his own innocence. Id. at 5-6. Nowhere did the Court

indicate that any of the issues raised in the *Motion to Dismiss* were "close questions," and, in the Court's view, they are not.

### E. Defendant Fails to Meet His Burden on the Likelihood Prong

On the other hand, Defendant makes no attempt to meet his burden on the likelihood prong. Most notably, he does not explain how a favorable decision on appeal "is likely to result in reversal or an order for a new trial *of all counts on which imprisonment has been imposed*." Zimny, 857 F.3d at 99 (emphasis added). Overall, the *Motion* lacks argumentation or supporting legal authorities concerning the likelihood prong, which precludes the Court from granting bail pending appeal.

## IV. CONCLUSION

For the foregoing reasons, the *Motion for Bail Pending Appeal* at Docket No. 171 is **DENIED**. Defendant failed to meet his burden on both the substantiality and likelihood prongs of the inquiry, and thus he "shall . . . be detained" pending his appeal. 18 U.S.C. § 3143(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May 2023.

S/RAÚL M. ARIAS-MARXUACH  
UNITED STATES DISTRICT JUDGE