IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>NESTOR ALONSO-VEGA,<br>**Defendant** | CRIM. NO. 20-371(RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court is the *United States of America's Motion for an Order of Restitution* ("*Motion for Restitution*"). (Docket No. 178). Having considered the parties' submissions in support and opposition, the Court **GRANTS** the *Motion for Restitution* for the reasons set forth below.

## I. BACKGROUND

Defendant Nestor Alonso-Vega ("Defendant" or "Mr. Alonso-Vega"), a former member of the Puerto Rico House of Representatives, was indicted by the United States of America (the "Government") on November 4, 2020. (Docket No. 2). The indictment charged Defendant with Federal Funds Theft in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2; Federal Funds Bribery and Kickbacks in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2; and Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346.

Id. Following a six-day trial, Defendant was found guilty on all counts by unanimous jury verdict. (Docket No. 120).

On February 23, 2023, Defendant was sentenced to sixty (60) months of imprisonment as to Counts 1 and 2 and sixty-three (63) months of imprisonment as to Counts 3-9, to be served concurrently with each other. (Docket No. 157). Additionally, Defendant was ordered to pay criminal monetary penalties totaling $900.00 (*i.e.*, $100.00 per count). (Docket Nos. 156 and 157 at 6). The judgment expressly deferred the determination of restitution until after May 24, 2023. (Docket No. 157 at 6).

On May 12, 2023, the Government filed the pending *Motion for Restitution*. (Docket No. 178). The Government asserts that pursuant to the Mandatory Victim Restitution Act ("MVRA") and the sentencing guidelines, in cases where there is an identifiable victim, restitution orders for the full amount are mandatory. (Docket No. 178). The Government argues that in the case at bar, the House of Representatives of the Commonwealth of Puerto Rico is the victim of Defendant's conduct. Id. at 2. As evinced at trial, Alexis Torres improperly received $81,500.00 in salary increases during the timeframe of the conspiracy. Id. at 3. Accordingly, the Government requests that a restitution order for the amount of $81,500.00 be entered against Defendant. Id.

Defendant filed an *Opposition*, arguing that "the jury did not make a particularized finding that there was not a bona fide salary

raise" given to Alexis Torres. (Docket No. 180 ¶ 2). Defendant claims that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." Id. ¶ 4. The Court notes that Defendant did not provide citations or authorities to support this claim. *See* Local Rule 7(a) and 112. Lastly, he highlights that the sentence issued by the Court does not impose restitution, failing to recognize that the determination was expressly deferred. (Docket No. 180 ¶ 6).

The Government filed a *Reply* countering that whether or not Alexis Torres received a bona fide raise is a defense and the jury did not have to make a particular finding as to that effect. (Docket No. 182 at 1-3). Furthermore, the Government raises that the jury does not need to make a restitution determination because there is no statutory maximum for restitution. Id. Rather, per the MVRA, a determination as to restitution corresponds to the Court. Id. at 2. To this effect, the Government notes that at sentencing, the Court asked the parties to brief their positions on restitution. Id.

## II. DISCUSSION

The MVRA "authorizes a sentencing court to order a defendant to make restitution when an identifiable victim suffers a pecuniary loss as a result of a defendant's criminal conduct." United States v. Padilla-Galarza, 990 F.3d 60, 92 (1st Cir. 2021) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)(B)). The statute applies to, *inter*

*alia*, "an offense against property under [Title 18] . . . including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). "[I]n the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense," courts shall order the defendant to return the property to the owner or, if that is infeasible, to pay the victim an amount equal to the loss of value of the property. Id. § 3663A(b)(1).

"[R]estitution is designed to compensate the victim, not to punish the offender." United States v. Naphaeng, 906 F.3d 173, 179 (1st Cir. 2018). Therefore, "[f]or the purpose of calculating restitution, actual loss is the beacon by which federal courts must steer." United States v. Simon, 12 F.4th 1, 64 (1st Cir. 2021). Actual loss is defined as the "pecuniary harm that would not have occurred but for the defendant's criminal activity." Id. (internal quotation marks and citation omitted). To show actual loss, the Government must "show both that the particular loss would not have occurred but for the conduct undergirding the offense of conviction and that a causal nexus exists between the loss and the conduct – a nexus that is neither too remote factually nor too remote temporally." Id. This is a relatively modest standard that only requires the Government to present "a modicum of reliable evidence" to establish both the requisite causal connection and to justify a dollar amount. Padilla-Galarza, 990 F.3d at 92. However, this Court cannot engage in "mere guesswork," and must "resolve

any genuine and material disputes about the fact, cause, or amount of the loss by a preponderance of the evidence." Simon, 12 F.4th at 65 (internal quotation marks and citations omitted).

The MVRA and relevant case law contradicts Defendant's unsupported claim that a particularized jury finding is necessary to calculate restitution. *See, e.g.*, United States v. Chiaradio, 684 F.3d 265, 283 (1st Cir. 2012) ("We review restitution orders for abuse of discretion, examining the court's subsidiary factual findings for clear error and its answers to abstract legal questions de novo."). To comply with the MVRA when issuing an order of restitution, courts must:

> order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

18 U.S.C. § 3664(a).

In the case at bar, **there is no genuine dispute** regarding the fact that Mr. Alonso-Vega's offense resulted in the theft of $81,500.00 from the Commonwealth of Puerto Rico. The Presentence

Investigation Report ("PSR") outlines that at trial, the Government provided expert testimony to establish the amount of the Commonwealth of Puerto Rico's loss caused by Defendant's conduct. (Docket Nos. 151 ¶ 24). Accordingly, and pursuant to the MVRA, the PSR specifies that "Mr. Alonso's offense resulted in the theft of property worth $81,500.00 owned by, and under the care, custody and control of, the Commonwealth of Puerto Rico." Id. ¶ 28. The PSR also notes that although the citizens of Puerto Rico are also victims, "it is not possible to measure Mr. Alonso's breach of trust towards his constituents." Id. ¶ 30.

Both the PSR and the Government's Sentencing Memorandum discuss the applicability of the MVRA in this case and that the amount may total $81,500.00. (Docket Nos. 151 ¶ 104; 154 at 3-4). **Importantly, Defendant did not object to the suggestion that restitution be imposed nor the calculation that the loss to the victim totaled $81,500.00.** Thus, Defendant's opposition at this juncture is unsupported by the relevant statutes, case law, and record.

### III.  CONCLUSION

In accordance with the above, the Court **GRANTS** the *United States of America's Motion for an Order of Restitution* at Docket No. 178 for the amount of $81,500.00. Mr. Alonso-Vega is hereby **ORDERED** to make restitution payments as follows:

- Starting on August 1, 2023, Defendant shall pay $100.00 a month for 48 months.

- Upon release from imprisonment, Defendant shall pay the remaining balance in 60 monthly installments of $1,278.33 each.

An amended judgment shall be entered forthwith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of June 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge